IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAWN WHITENIGHT,

      Plaintiff,                      16cv0553
                                      ELECTRONICALLY FILED
      v.

THE COMMONWEALTH OF
PENNSYLVANIA STATE POLICE, MAJOR
TYREE BLOCHER, JOHN DOE
PENNSYLVANIA STATE POLICE
TROOPERS 1-4, and OFFICER MICKEY
STORMER,

      Defendants.

**MEMORANDUM ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT
AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

Pro se Plaintiff Shawn Whitenight initiated this action against Defendants on April 22, 2016[1] by filing a Motion for leave to proceed in forma pauperis. Doc. No. 1. Plaintiff's initial complaint alleged violations of the Fourth and Fourteenth Amendments to the Constitution related to incidents that occurred on December 16th and 17th, 2013, when Defendants arrested him. Doc. No. 3.

Defendant Officer Mickey Stormer filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Plaintiff's Complaint must be dismissed because it was filed beyond the two-year statute of limitations for Section 1983 claims. Doc. No. 26.

In response, Plaintiff filed a Response in Opposition to Defendant Stormer's Motion (doc. no. 36), and also filed a Motion for Leave to file an Amended Complaint (doc. no. 35). For the reasons that follow, the Court will GRANT Plaintiff's Motion for Leave to file an Amended

---

[1] The Court has applied the "prisoner mailbox rule," and deemed the Motion for Leave to File In Forma Pauperis and Complaint to be filed on the date the documents were signed by Plaintiff and presumably "delivered to the prison authorities for forwarding to the court clerk." *Bond v. VisionQuest*, 410 Fed. App'x 510, 514 (3d Cir. 2011).

Complaint, but will also DISMISS Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted and will DENY further leave to amend because such amendment would be futile.

I. **Plaintiff's Motion for Leave to Amend His Complaint**

Federal Rule of Civil Procedure 15(a)(1)(B) provides that a plaintiff may, as a matter of course, amend his complaint within 21 days after service of a motion under Rule 12(b). Plaintiff filed his Motion for Leave to Amend within 21 days after Defendant Stormer's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, accordingly, Plaintiff's Motion to Amend is GRANTED. The Clerk shall file the Amended Complaint at doc. no. 35-2. Defendant Stormer's Motion to Dismiss, doc. no. 26, is MOOT.

II. **Plaintiff's Complaint Fails to State a Claim**

A District Court should dismiss a complaint filed in forma pauperis under 28 U.S.C. § 1915 if it is satisfied that the complaint fails to state a claim or if the claims therein are time-barred. *See Johnstone v. United States*, 980 F. Supp. 148, 154 (E.D. Pa. 1997). In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and § 1915A the Court should utilize the standards for a 12(b)(6) motion to dismiss. *See Estelle v. Gamble*, 429 U.S. 97 (1976). The Amended Complaint must be read in the light most favorable to Plaintiff and all well-pleaded, material allegations of fact in the Amended Complaint must be taken as true. *Id.*

Plaintiff's Amended Complaint sets forth claims for violations of the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and claims for assault and battery, negligence, and intentional infliction of emotional distress under Pennsylvania law. Doc. No. 35-2. The very detailed allegations in the Amended Complaint leave no doubt that his claims all arose on December 16th and 17th, 2013, when Defendants arrested the Plaintiff at his

home. Doc. No. 35-2. As stated, Plaintiff initiated this action on April 22, 2016, more than two years and four months after December 17, 2013.

In Pennsylvania, there is a two-year statute of limitations for claims for violations of rights under the United States Constitution. *See Wallace v. Kato*, 549 U.S. 384, 387-88 (2007); *Johnstone*, 980 F. Supp at 153. Pennsylvania law also provides two years for filing actions for assault, battery, and any other proceeding to recover damages for injuries such as negligence and intentional infliction of emotional distress. 42 Pa. C.S.A. § 5524. Even construing the allegations in the Amended Complaint in Plaintiff's favor, he has not stated a claim upon which relief can be granted because none of his claims were timely filed.

Plaintiff attempts to save his claims by arguing in his Response to the now-moot Motion to Dismiss that he only learned of his injuries after a May 14, 2014 MRI scan at the hospital. Doc. No. 36. However, the allegations in both Plaintiff's initial Complaint and the Amended Complaint belie this assertion. *See* Doc. No. 3 at ¶ 35 and Doc. No. 35-2 at ¶ 35, stating "Whitenight advised [the officers] he was in a lot of pain from the excessive force. Troopers ignored his advisement and placed him into the rear of a State Police cruiser and transported him to the Brookville Boro [sic] Police Station." A later-acquired medical test allegedly confirming that Plaintiff's injuries were caused during his arrest does not toll the statute of limitations in this case because it is plain from Plaintiff's Amended Complaint that he knew his alleged injuries occurred on December 16th or 17th, 2013, when he was arrested.

## III. CONCLUSION

Plaintiff has failed to plead a claim upon which relief can be granted and his Amended Complaint is DISMISSED. The Clerk shall mark this case CLOSED.

SO ORDERED, this 10th day of August, 2016,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge